LORD v. RUMRILL et al.

(Supreme Court, Appellate Division, Third Department. January 6, 1909.)

BILLS AND NOTES (§ 508*)—ACTION BY TRANSFEREE—EVIDENCE OF TRANSFER.
Defendant under his defense in an action on notes, that they were not transferred to plaintiff, as bearing on the credibility of the testimony of plaintiff, who alone testified to a transfer, that they were given him by his father, the payee, shortly before his death, may show strained relations between plaintiff and the father for a long time before his death, though defendant's right to show payment to the father is not disputed; the right of action not being in plaintiff in the absence of the transfer.
[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 508.*]

Appeal from Trial Term, Fulton County.
Action by Wesley Lord against Theron E. Rumrill and another. From a judgment for plaintiff, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

The action is upon two promissory notes, each of them dated December 3, 1901. The complaint alleges that these notes were transferred to the plaintiff shortly before the death of Jacob Lord. There were two notes, one for $75 and the other for $242. The answer denies the transfer to the plaintiff of the $242 note, and alleges payment of both notes by services rendered to Jacob Lord, the payee of the notes, in a sickness which occurred at the defendant's house. At the close of the evidence, the court directed a verdict for the plaintiff. To this direction the defendant duly excepted, and from the judgment entered upon this directed verdict, and from an order denying the motion for a new trial upon the minutes, this appeal is taken.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

W. S. Cassedy, for appellant.
N. H. Anibal, for respondents.

SMITH, P. J. There were two issues raised by the pleadings: First, whether Jacob Lord had transferred the notes in question to the plaintiff, so as to authorize an action to be brought by the plaintiff; second, whether those notes have been paid. The plaintiff swore that the notes were transferred to him by his father, Jacob Lord, a few weeks before his father's death. The defendant attempted to cross-examine the plaintiff upon this and upon his relations with his father prior to his father's death as bearing upon the fact of the transfer. Among other things he was asked what he paid for the notes. This was objected to, and the court remarked:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"In view of the statement that the plaintiff is not going to contest the defendants' right to set up services in payment of this note while it was owned by Jacob Lord, we will not go into that, because under that position the plaintiff has no greater rights here than Jacob Lord would have if he had lived."

Defendant excepted. Thereafter questions were asked tending to show strained relations between the father and son for a long time prior to his death, which questions were objected to and excluded by the court, to which exclusion the defendant duly excepted. We think this evidence was competent as bearing upon the probability of the plaintiff's story, to the effect that his father had given him the notes. If a valid transfer had not been made, the right of action was in the father's estate, which could have recovered from the defendant even after a recovery by the plaintiff. The transfer has been sworn to by the plaintiff alone. He was an interested witness. The evidence sought to be introduced, therefore, showing any facts which would render improbable the plaintiff's story, was competent, and should have been admitted. For this error the judgment and order must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed and new trial granted, with costs to appellants to abide event. All concur.